# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **KEITH DEMENT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 1:06-0999** |
| | ) |
| **STEVENS CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendant.** | ) |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On November 27, 2006, Plaintiff,[1] acting *pro se* and formerly incarcerated at Stevens Correctional Center, in Welch, West Virginia, filed a letter addressed to the Court in which he states that he is being denied adequate medical care at Stevens Correctional Center. (Document No. 1.) Specifically, Plaintiff complains that he suffers from ocular hypertension, a serious eye disease that damages the optic nerve and impairs vision. Plaintiff states that there is no cure for ocular hypertension, but careful monitoring and treatment can decrease the risk of damage. Plaintiff contends that he did not receive any medical treatment until approximately three months after being transferred to Steven Correctional Center. Plaintiff further alleges that there was a delay in obtaining his prescription eye drops. Therefore, the Clerk of the Court construed Plaintiff's letter as the initiating document in a suit brought under 42 U.S.C. § 1983.

On December 14, 2006, Plaintiff filed another letter addressed to the Clerk of this Court advising that he did not wish to file a lawsuit, but instead requests a transfer to another correctional facility. (Document No. 4.) Plaintiff further inquired about the filing of a Petition for Writ of

---

[1] The West Virginia Division of Corrections' Inmate Locator indicates that Plaintiff has been released on parole.

Mandamus and indicated that he believed the filing of an administrative grievance would be futile. (Id.)

By Order entered on June 26, 2007, the Court informed Plaintiff that he had set forth facts possibly stating a constitutional claim for deliberate indifference to his serious medical needs. (Document No. 5.) The undersigned ordered that the Clerk send Plaintiff a copy of a form Complaint and Application to Proceed *in forma pauperis* and that (1) Plaintiff file, if he wished, the form Complaint, and (2) Plaintiff either pay the $350.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). The Court further notified Plaintiff that if he failed to submit the documents indicating his interest in proceeding with his claims by July 16, 2007, the undersigned would recommend dismissal of this case. (Id.) Plaintiff has not responded to the Court's Order that was entered more than two years and three months ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

>Rule 41.1 of the Local Rules provides:

>**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

>(i) the degree of personal responsibility of the plaintiff;
>(ii) the amount of prejudice caused the defendant,
>(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
>(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Orders directing him either to pay the requisite $350.00 filing fee in full or to file an Application to Proceed *in Forma Pauperis*. (Document No. 6 and 9.) Further, Plaintiff

has not filed his form Complaint naming individual defendants and defining his claims as directed by the Court. Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered over two years and three months ago advising Plaintiff that the undersigned would recommend dismissal if Plaintiff failed to complete and file the above forms (Document No. 5.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and

72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is hereby directed to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

ENTER: October 9, 2009.

R. Clarke VanDervort
United States Magistrate Judge